**Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 27, 2011.**

In The

# Fourteenth Court of Appeals

_____

### NO. 14-11-00738-CR

_____

### IN RE MILDRED ANNONS GARRETT, Relator

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
176th District Court
Harris County, Texas
Trial Court Cause No. 1066973-A**

---

## M E M O R A N D U M   O P I N I O N

On August 29, 2011, relator Mildred Annons Garrett filed a petition for writ of mandamus in this court.  *See* Tex. Gov't Code  § 22.221; *see also* Tex. R. App. P. 52. Relator complains that respondent, the Honorable Brian Rains, presiding judge of the 176th District Court of Harris County, has failed to grant relief in her attempt to set aside her 2006 felony conviction.

On September 8, 2006, relator entered a plea of guilty to the charge of attempted barratry, a state jail felony.   In accordance with an agreement with the State, the trial court assessed a $500 fine, with no jail time.   Relator asserts that her plea was not made knowingly because she was informed that the offense would be reduced to a misdemeanor if she entered a plea of guilty.   She filed a motion for new trial, but her motion was overruled after a hearing.   No appeal was taken.

In her petition for writ of mandamus, relator asserts that she is not guilty of the offense of attempted barratry and that the trial court has deprived her of various constitutional rights.  She seeks to have the punishment for the offense for which she was convicted changed to that of a misdemeanor.  *See* Tex. Penal Code § 12.44.

To be entitled to mandamus relief in a criminal case, a relator must show that she has no adequate remedy at law to redress her alleged harm, and that what she seeks to compel is a ministerial act, not involving a discretionary or judicial decision.  *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  The relief that relator seeks necessarily requires a judicial decision and is not an appropriate subject of mandamus relief.

Moreover, only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction.  *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also* Tex. Code Crim. Proc. Ann. art. 11.07; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction).

In addition, relator has not provided this court with a copy of the motion or petition that she filed in the court below.  It is relator's burden to provide this court with a record sufficient to establish her right to relief.  *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a).

Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.
Do Not Publish — Tex. R. App. P. 47.2(b).

2